**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, 1411 K St. NW, Suite 1300 Washington, D.C. 20005, <br><br>     Plaintiff, <br><br>     v. <br><br> U.S. FISH AND WILDLIFE SERVICE, 1849 C Street NW, Room 3331 Washington, DC 20240, <br><br><br> BRIAN NESVIK, in his official capacity as Director of U.S. Fish and Wildlife Service, 1849 C Street NW, Room 3345 Washington, DC 20240, <br><br>     and <br><br> DOUG BURGUM, in his official capacity as U.S. Secretary of the Interior, 1849 C Street NW Washington DC 20240, <br><br>     Defendants. | Case No.: _____ <br><br><br><br><br> **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

**INTRODUCTION**

1. Plaintiff Center for Biological Diversity ("Center") brings this case challenging the U.S. Fish and Wildlife Service's ("Service") failure to designate critical habitat for the endangered Texas hornshell ("hornshell") in violation of the Endangered Species Act's ("ESA") nondiscretionary, congressionally mandated deadline.

2. The Texas hornshell is a freshwater mussel endemic to the Rio Grande drainage in Texas and New Mexico. A once-common species throughout the Rio Grande watershed, the

1

Texas hornshell is now believed to be extirpated from all but five locations in the United States and likely from much of Mexico.

3.      The greatest threat to the Texas hornshell is habitat degradation, which has caused heavy population declines and confined the hornshell to a highly fragmented range. Because of threats to the species' habitat, the Service listed the Texas hornshell as an endangered species on February 9, 2018.

4.      The Service concurrently concluded that critical habitat was not determinable at that time; therefore, under the ESA, the Service had an additional year to publish a critical habitat designation.

5.      As of the filing of this Complaint—more than eight years after the species was listed—the Service has yet to designate critical habitat for the hornshell and continues to be in violation of the ESA.

6.      Plaintiff brings this lawsuit for declaratory and injunctive relief, seeking an Order declaring that the Service violated section 4(b)(6)(A) of the ESA, 16 U.S.C. § 1533 (b)(6)(A), by failing to timely designate critical habitat for the Texas hornshell and directing the Service to issue a final rule designating critical habitat.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction over this action pursuant to 16 U.S.C. §§ 1540(c), (g) (citizen suit provision of the ESA) and 28 U.S.C. § 1331 (federal question). This Court has authority to issue declaratory and injunctive relief pursuant to the ESA, 16 U.S.C. § 1540(g), and 5 U.S.C. § 706(2).

8.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(e) and 16 U.S.C. § 1540(g)(3)(A) because Defendants reside in this district and a substantial part of the events or omissions giving rise to the Center's claims occurred in this district.

**PARTIES**

9.      Plaintiff Center for Biological Diversity is a national nonprofit conservation organization that works through science, law, and policy to protect imperiled wildlife and their habitat. The Center is incorporated in California and headquartered in Tucson, Arizona, with offices throughout the United States, including in D.C. The Center has more than 101,000 active members throughout the country.

10.      The Center brings this action on behalf of its members who derive recreational, educational, scientific, professional, economic, and other benefits from the Texas hornshell and its habitat. Plaintiff's members' interests in protecting and recovering the Texas hornshell and its habitat are directly harmed by the Service's failure to timely issue a critical habitat determination, delaying critical protections under the ESA that can put the Texas hornshell on a path to recovery.

11.      For example, Center member Juliet Whitsett is a longtime resident of central Texas with aesthetic, educational, moral, spiritual, professional, conservation, economic, and recreational benefits in the Texas hornshell and its habitat. Ms. Whitsett is an artist, art educator, and environmental educator with more than 25 years of experience. Her artistic work focuses on endangered and threatened species in Texas, including her "Threatened Texas" art series featuring the Texas hornshell and her "Freshwater Saints" series focusing on the role of mussels in Texas' aquatic environments. Ms. Whitsett has spoken at various community events about the connection between art and Texas mussels, including at the Informal Science Education

3

Association, where she gave a class on pop art through the lens of the Texas Hornshell, educating her students on the threats to the mussel while teaching art techniques to create work about the species. Ms. Whitsett uses the habitat of the Texas hornshell for inspiration for her art and to develop curricula to teach her students about the lives of Texas mussels. Because the mussel is an ecosystem engineer that modifies habitat to make it more suitable for themselves and other organisms, the loss of the species lessens her experience in nature and her ability to draw inspiration for her work from a healthy ecosystem. Ms. Whitsett has a concrete interest in seeing and enjoying the Texas hornshell in the wild, and she has made specific plans to visit the Devil's River in 2027 to recreate in the Texas hornshell's habitat and seek inspiration for her educational projects.

12.    Defendants' violation of the ESA's deadline has delayed ESA protections for the Texas hornshell. This inaction harms Plaintiff's members' interests in the hornshell by permitting the species' continued trajectory toward extinction, thereby decreasing the likelihood that the Center's members will encounter the species as part of their personal and professional excursions. These injuries are actual, concrete injuries presently suffered by the Center's members; are directly caused by the Service's acts and omissions; and will continue unless this Court grants relief.

13.    The relief sought in this case—an order compelling the Service to designate critical habitat by a date certain—would redress these injuries by protecting the hornshell's habitat, thus promoting its conservation and recovery. The Center and its members have no other adequate remedy at law.

14.     Defendant U.S. Fish and Wildlife Service is the agency within the Department of the Interior charged with implementing the ESA for the Texas hornshell. The Secretary of the Interior has delegated administration of the ESA to the Service. *See* 50 C.F.R. § 402.01(b).

15.     Defendant Brian Nesvik is the Director of the Service and is responsible for enforcing the provisions of the ESA. Defendant Nesvik is sued in his official capacity.

16.     Defendant Doug Burgum is the Secretary of the U.S. Department of the Interior and has the ultimate responsibility to administer and implement the provisions of the ESA. Defendant Burgum is sued in his official capacity.

**STATUTORY FRAMEWORK**

17.     The Endangered Species Act, 16 U.S.C. §§ 1531–1544, is "the most comprehensive legislation for the preservation of endangered species ever enacted by any nation." *Tenn. Valley Auth. v. Hill*, 437 U.S. 153, 180 (1978). Its fundamental purposes are to "provide a means whereby the ecosystems upon which endangered and threatened species depend may be conserved [and] to provide a program for the conservation of such endangered species and threatened species." 16 U.S.C. § 1531(b).

18.     The ESA defines a "species" as "any subspecies of fish or wildlife or plants, and any distinct population segment of any species of vertebrate fish or wildlife which interbreeds when mature." *Id.* § 1532(16).

19.     The ESA requires the Service to determine whether any species is endangered or threatened because of any one of, or combination of, the following factors: (A) the present or threatened destruction, modification, or curtailment of its habitat or range; (B) overutilization for commercial, recreational, scientific, or educational purposes; (C) disease or predation; (D) the

5

inadequacy of existing regulatory mechanisms; or (E) other natural or manmade factors affecting its continued existence. *Id.* § 1533(a)(1).

20.     A species is endangered if it "is in danger of extinction throughout all or a significant portion of its range." *Id.* § 1532(6). A species is threatened if it "is likely to become an endangered species within the foreseeable future throughout all or a significant portion of its range." *Id.* § 1532(20).

21.     When a species is listed as threatened or endangered, it receives a host of key protections designed to prevent its extinction and support its recovery, including one of the most crucial protections—the designation and safeguarding of critical habitat. *Id.* § 1533(a)(3)(A).

22.     Critical habitat includes specific areas occupied by the threatened or endangered species with "those physical or biological features essential to the conservation of the species and which may require special management considerations or protection." *Id.* § 1532(5)(A) (cleaned up). Areas unoccupied by the species that "are essential for the conservation of the species" are also included within the definition of critical habitat. *Id.*

23.     Critical habitat provides vital protection for species because, once designated, federal agencies are required to ensure that their actions do not "jeopardize the continued existence of any endangered species or threatened species *or result in the destruction or adverse modification of [critical] habitat*." *Id.* § 1536(a)(2) (emphasis added).

24.     The ESA requires the Service to designate a species' critical habitat concurrently with its determination to list the species as threatened or endangered "to the maximum extent prudent and determinable." *Id.* § 1533(a)(3)(A)(i).

25.     If critical habitat is found to be "not then determinable," the Service may extend its obligation to designate critical habitat by "not more than one additional year." *Id.*

§1533(b)(6)(C)(ii). If such a decision is made, the Service "must publish a final regulation, based on such data as may be available at that time, designating" critical habitat by "no later than the close of such additional year." *Id.*

26.    The ESA also requires the Service to publish a final regulation implementing a designation of critical habitat within a year of the publication of its proposed regulation to designate critical habitat. *Id.* § 1533(b)(6)(A)(ii).

27.    The ESA does not safeguard a species' critical habitat until the Service designates it. Accordingly, it is vital that the Service meticulously follow the ESA's procedures and deadlines to ensure it designates critical habitat in a timely manner.

## FACTUAL BACKGROUND

*The Texas Hornshell*



*Photo credit: Joel Lusk, U.S. Fish and Wildlife Service*

28.     The Texas hornshell is a freshwater mussel endemic to the Rio Grande drainage in Texas and New Mexico. Its dark brown to green shell can reach up to about 110 millimeters in length.

29.     The species typically occurs in narrow areas of medium to large rivers and streams with sand, clay, or gravel bottoms, where the hornshell anchors itself to undercut boulders, riverbanks, and other crevices. This habitat is an unusual home for mussels—the Texas hornshell is one of only three river mussels native to rivers that flow through Mexico, Texas, and New Mexico.

30.     The hornshell plays an important role in these ecosystems by physically stabilizing river and stream beds, filtering excess nutrients and microorganisms, and reducing water turbidity.

31.     The greatest threat to the Texas hornshell is habitat degradation and loss, which have caused heavy population declines and confined the hornshell to a highly fragmented range. A once-common species throughout the Rio Grande watershed, the Texas hornshell is now believed to be extirpated from all but five locations in the United States and likely from much of Mexico.

32.     Extensive groundwater withdrawals associated with oil and gas extraction and agricultural irrigation have destroyed and degraded the species' habitat across its range. Because the hornshell's survival depends on flowing surface water, and groundwater extraction impacts surface water availability, groundwater depletion is a significant threat to the species.

33.     Increases in fine sediment accumulation—caused by an increase in low flow events and a decrease in high-flow cleansing events—have also degraded and eliminated the species' habitat. Groundwater extraction, region-wide drought, reservoir management, and

8

surface flow diversions are primary drivers of this systematic alteration of natural water flow regimes.

34.     Chemical contamination has also resulted in widespread impairment of water quality across the hornshell's range.[1] Chemicals pollute hornshell habitat through spills and leaks at industrial and extraction sites, municipal effluent discharges, and agricultural runoff.

35.     Moreover, climate change is predicted to exacerbate increases in fine sediments, declines in water quality, and alterations in natural flow regimes.[2]

*Texas Hornshell Listing and Critical Habitat*

36.     In May 2004, the Center and partners petitioned the Service to list the Texas hornshell under the ESA.

37.     After litigation by the Center challenging the Service's delay, the Service published a rule proposing to list the hornshell as an endangered species. 81 Fed. Reg. 52796.

38.     In response to the petition submitted by the Center and partners, on February 9, 2018, the Service listed the Texas hornshell as an endangered species under the ESA. 83 Fed. Reg. 5720.

39.     At the time of listing, the Service concluded that critical habitat was not determinable because the Service was "completing the required analyses of the impacts related to

---

[1] Indeed, "[c]hemical contaminants are ubiquitous throughout the environment and are a major reason for the current declining status of freshwater mussel species nationwide." 83 Fed. Reg. 5725 (Texas hornshell final listing rule).

[2] Climate change and its impacts on the hornshell are far from speculative: "Effects of climate change have already begun to affect the regions of Texas and New Mexico where the Texas hornshell occurs, resulting in higher air temperatures, increased evaporation, and changing precipitation patterns such that water levels rangewide have already reached historic lows." *Id.* at 5726 (citations omitted); *see also id.* at 5727 ("Texas is projected to be one of the areas most affected by climate change in North America.").

9

possible exclusions to the designation of critical habitat." 83 Fed. Reg. 5734. The Service stated it "anticipate[d] publishing a proposed critical habitat rule in the near future." *Id.*

40.    When critical habitat is not determinable, the Service has an additional year to publish a critical habitat designation. 16 U.S.C. § 1533(b)(6)(C)(ii).

41.    On June 10, 2021, the Service issued a proposed critical habitat designation for the hornshell. 86 Fed. Reg. 30888.

42.    However, as of the filing of this Complaint, the Service has yet to issue a final rule designating critical habitat for the hornshell.

43.    The Service had a statutory duty to issue a regulation designating critical habitat within a year of listing the hornshell on February 9, 2018.

44.    Plaintiff provided Defendants with sixty days' notice of their ESA violations as required by 16 U.S.C. § 1540(g)(2)(C). Defendants have not remedied the violations set out in the notice letter, and an actual controversy exists between the parties within the meaning of the Declaratory Judgment Act, 28 U.S.C. § 2201.

## CLAIM FOR RELIEF

**Violation of the ESA for Failure to Designate Critical Habitat for the Texas Hornshell**

45.    The Center re-alleges and incorporates all allegations set forth in the preceding paragraphs.

46.    With limited exceptions, the ESA requires the Service to designate critical habitat for the Texas hornshell within one year of listing the species. 16 U.S.C. § 1533(b)(6)(A)(ii).

47.    The Service published a final rule listing the hornshell as endangered on February 9, 2018. Therefore, the critical habitat designation was due February 9, 2019, but more than eight years later, the Service has yet to publish a final rule designating critical habitat.

48.    Defendants have failed to perform their nondiscretionary duty to timely issue the Texas hornshell's critical habitat designation in violation of the ESA. 16 U.S.C. § 1533.

**<u>REQUEST FOR RELIEF</u>**

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment providing the following relief:

(A)    Declare that Defendants violated the ESA by failing to timely designate critical habitat for the Texas hornshell;

(B)    Provide injunctive relief compelling Defendants to publish a critical habitat designation;

(C)    Retain continuing jurisdiction to review Defendants' compliance with all judgments and orders herein;

(D)    Grant Plaintiff its reasonable attorneys' fees and costs as provided by the ESA, 16 U.S.C. § 1540(g)(4); and

(E)    Provide such other relief as the Court deems just and proper.

DATED: May 18, 2026

Respectfully submitted,

 /s/ *Camila Cossío*
Camila Cossío (DC Bar No. OR0026)
Center for Biological Diversity
P.O. Box 11374
Portland, OR 97211
Phone: (971) 717-6427
Email: ccossio@biologicaldiversity.org

/s/ *Graham Rex*
Graham Rex (*pro hac vice* application pending)
Center for Biological Diversity
P.O. Box 710
Tucson, AZ 85702-0710
Phone: (928) 519-3318

11

Email: grex@biologicaldiversity.org

*Attorneys for Plaintiff*

12